## MILAM v. HOOD.

No. 24214.   June 30, 1936.

Rehearing Denied Sept. 22, 1936.

H. P. Daugherty and Clyde L. Andrews, for p'aintiff in error.

Ben Arnold, Jas. Embry, S. E. Freeman, and James R. Eagleton, for defendant in error.

OSBORN, V. C. J. This action was commenced in the district court of Lincoln county by N. R. Hood, hereinafter referred to as plaintiff, against J. B. Milam, hereinafter referred to as defendant, to recover damages arising from an automobile collision. The verdict of the jury was in favor of plaintiff, and defendant has appealed.

The collision occurred at a point on U. S. Highway No. 66 a short distance west of the city of Chandler, where said highway intersects Highway No. 18. Plaintiff was proceeding west and defendant east upon Highway No. 66, as they approached the intersection. Plaintiff attempted to make a left turn at the intersection, but did not pass the center of the intersection before starting to turn. The cars collided in the southeast corner of the intersection.

Section 10327, O. S. 1931, prescribes the rules of the road. Rule 4 provides that vehicles turning left into another road shall pass around the center of the intersecting road before turning. Defendant contends that plaintiff's failure to observe this rule was the proximate cause of the injury and damage sustained, and that the trial court erred in refusing to direct a verdict in his favor. Plaintiff contends that defendant was approaching the intersection at a dangerous and excessive rate of speed; that plaintiff gave a signal of his intention to turn left at the intersection and would have had ample time to make the turn except for the excessive rate of speed at which defendant was approaching the intersection.

On the material issues of fact the evidence was highly conflicting. The jury was instructed upon the issues of negligence, contributory negligence, and proximate cause. Under the conflicting evidence it was the province of the jury to determine the proximate cause of the injury. It cannot be said that the determination is not supported by competent evidence.

The judgment is affirmed.

RILEY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. McNEILL, C. J., and BAYLESS and BUSBY, JJ., absent.